UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America<br><br>v.<br><br>Rudy Burgos-Hernandez,<br>Victor Frias-Garcia, and<br>Franklin Bello Jimenez,<br><br>*Defendants.* | [~~Proposed~~] **Protective Order**<br><br>**22 Cr. 133 (JGK)** |

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendants having requested discovery under Fed. R. Crim. P. 16(a), the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. §3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "Disclosure Material." The Government's Disclosure Material may include material that (i) affects the privacy and confidentiality of individuals and entities; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and/or (iv) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Confidential Disclosure Material.** During the course of this ongoing matter, the Government may identify certain discovery materials pursuant to Federal Rule of Criminal Procedure 16 which contain and/or reflect personal identifying information and/or otherwise affect

the privacy of third party individuals and entities, and which cannot feasibly be redacted. Any such materials will be shall be deemed "Confidential Disclosure Material" and will be marked "CONFIDENTIAL" in the discovery materials.

3. **Facilitation of Discovery.** The entry of a protective order in this case will permit the Government to produce expeditiously the Disclosure Material. It will also afford the defense prompt access to those materials, which will facilitate the preparation of the defense.

4. **Good Cause.** There is good cause for entry of the protective order set forth herein.

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

5. Disclosure Material, including Confidential Disclosure Material, shall not be disclosed by the defendants or defense counsel, including any successor counsel ("the defense"), other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any Disclosure Material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any Disclosure Material to the media or any third party except as set forth below.

6. Disclosure Material may be disclosed by the defense to the following persons ("Designated Persons"):

(a) Personnel for whose conduct the defense is responsible, *i.e.*, personnel employed by or retained by defense counsel, as needed for purposes of defending this action;

(b) Prospective witnesses for purposes of defending this action; and

(c) Such other persons as hereafter may be authorized by the Court upon such motion by a defendant.

(d) The defense shall provide a copy of this Order to Designated Persons to whom they disclose Disclosure Material. Designated Persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

7. Confidential Disclosure Material may be disclosed by the defense as set forth above in Paragraph 6, except that Confidential Disclosure Material may only be disclosed by defense counsel to each defendant for review in the presence of defense counsel for purposes related to this case. The defendants and any Designated Persons to whom Confidential Material is disclosed shall not maintain, retain, or keep copies of any records containing Confidential Disclosure Material outside the presence of defense counsel.

8. The Government may authorize, in writing, disclosure of Disclosure Material, including Confidential Disclosure Material, beyond that otherwise permitted by this Order without further order of this Court.

9. This Order does not prevent the disclosure of any Disclosure Material in any hearing or trial held in this action, or to any judge or magistrate judge, *or Court personnel*, for purposes of this action. Confidential Disclosure Material, however, pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

10. Except for Disclosure Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Disclosure Material, including seized ESI Disclosure Material, within 30 days of the expiration of the period for direct

3

appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later. If Disclosure Material is provided to any prospective witnesses, the defense shall make reasonable efforts to seek the return or destruction of such materials.

11. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to that defendant.

## Retention of Jurisdiction

12. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _____          Date: 3/22/2022
Sarah L. Kushner
Assistant United States Attorney


_____              Date: _____
John L. Russo, Esq.
Counsel for Defendant Rudy Burgos-Hernandez


_____              Date: _____
Michael Bradley, Esq.
Counsel for Defendant Victor Frias-Garcia


_____              Date: _____
Julia Gatto, Esq.
Counsel for Defendant Franklin Bello Jimenez


SO ORDERED:


Dated: New York, New York
       3/22, 2022

_____
THE HONORABLE JOHN G. KOELTL
UNITED STATES DISTRICT JUDGE

5

## Retention of Jurisdiction

12. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _____     Date: _____
    Sarah L. Kushner
    Assistant United States Attorney

_____     Date: 3/18/22
John L. Russo, Esq.
Counsel for Defendant Rudy Burgos-Hernandez

_____     Date: _____
Michael Bradley, Esq.
Counsel for Defendant Victor Frias-Garcia

/s/ Julia Gatto     Date: 3/18/2022
Julia Gatto, Esq.
Counsel for Defendant Franklin Bello Jimenez

SO ORDERED:

Dated: New York, New York
       _____, 2022

                                        THE HONORABLE JOHN G. KOELTL
                                        UNITED STATES DISTRICT JUDGE

5

## Retention of Jurisdiction

12. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _____        Date: _____
    Sarah L. Kushner
    Assistant United States Attorney

    _____        Date: _____
    John L. Russo, Esq.
    Counsel for Defendant Rudy Burgos-Hernandez

    _____        Date: 3/18/2022
    Michael Bradley, Esq.
    Counsel for Defendant Victor Frias-Garcia

    /s/ Julia Gatto                       Date: 3/18/2022
    Julia Gatto, Esq.
    Counsel for Defendant Franklin Bello Jimenez

SO ORDERED:

Dated: New York, New York
       _____, 2022

                                          THE HONORABLE JOHN G. KOELTL
                                          UNITED STATES DISTRICT JUDGE

5